## ANDREW JOHNSON *versus* ROBERT DAY *et al.*

In a writ of entry by the grantee of land against a defendant who claimed the land under an attachment made in November 1833, before the deed was recorded, it appeared that the attachment was returned on the writ, through a mistake of the officer, as made in November 1834, after the deed was recorded. The Court allowed the return to be amended, it appearing that such writ was dated in November 1833, and that judgment was rendered in that action for the present defendant in June 1834.

A writ of attachment filled and delivered to the officer after sunset on Sunday, is not, for that reason, void, the regulations respecting the due observation of Sunday being restricted in their operation by *St.* 1791, *c.* 58, § 4, [Revised Stat. *c.* 50, § 4,] to the time between the midnight preceding and the sunsetting of that lay.

And it seems, that it would not be void at common law.

WRIT of entry.

The demandant claimed under a deed of mortgage from Anson Belden, which purported to be executed on November 4, 1833, but which was, as the demandant alleged, executed on the evening of November 3, 1833. The tenants claimed under an attachment made by virtue of a writ issued in their favor against Belden and dated November 4, 1833. This attachment was returned on the writ as made on November 4, 1834 ; but the writ was actually returned to the term of the Court of Common Pleas next ensuing its date, and judgment was rendered at the June term 1834.

At the trial, before *Putnam* J., it appeared that the demandant's deed was recorded on November 26, 1833. The

demandant introduced evidence for the purpose of proving, that the tenants had notice of the execution of the deed before the time of the attachment, and this question was submitted to the jury.

It also appeared, that the writ against Belden was made on Sunday evening a little after sunset, and was given to the officer before midnight, but that it was not served until after midnight. The demandant thereupon objected to the validity of the attachment made by virtue of such writ, but the objection was overruled and the question reserved for the consideration of the whole Court.

The jury returned a verdict for the tenants.

*I. C. Bates, Dewey* and *Blair*, for the demandant, to the point, that the return on the writ could not be amended by the officer, inasmuch as it would affect the rights of persons not parties to such writ acquired before such amendment, cited *Emerson* v. *Upton*, 9 Pick. 167 ; *Williams* v. *Brackett*, 8 Mass. R. 240 ; *Freeman* v. *Paul*, 3 Greenl. 260 ; Howe's Pract. 363, 364 ; and to the point, that such writ, having been filled out and issued on Sunday, was void, 3 Bl. Comm. 277 ; *Swann* v. *Broome*, 3 Burr. 1595 ; *Pearce* v. *Atwood*, 13 Mass. R. 347 ; *Van Vechten* v. *Paddock*, 12 Johns. R. 178 ; *Tracy* v. *Jenks*, 15 Pick. 465 ; *Butler* v. *Kelsey*, 15 Johns. R 177 ; *Delamater* v. *Miller*, 1 Cowen, 75.

*Wells, Mills* and *Alvord*, for the tenants, cited to the point that the return was to be construed in connexion with the writ, and that it was sufficient, if it was corrected by the writ, Com. Dig. *Retorn, E* 2 ; 2. Rol. Abr. 460 ; Shep. Touchst. 82, 83, 84 ; 1 Swift's Dig. 224, 225 and cases cited ; 4 Cruise's Dig. tit. 32, *c.* 23 ; *Jackson* v. *Blodget*, 16 Johns. R. 172 ; to the point, that amendments are often granted where the very object of such amendments is to affect the rights of third persons, *Chichester* v. *Cande*, 3 Cowen, 39 ; *Hart* v. *Reynolds*, 3 Cowen, 42, note ; *Mara* v. *Quin*, 6 T. R. 1 ; *Close* v. *Gillespey*, 3 Johns. R. 526 ; *Seaman* v. *Drake*, 1 Caines's R. 9 ; Graham's Pract. 538, 539 ; *Commonwealth* v. *Parker*, 2 Pick. 550 ; and to the point, that the writ was not void, on the ground that it was filled and delivered to the officer on Sunday, *Geer* v *Putnam*, 10 Mass. R. 312.

Johnson
*v.*
Day.

*Sept* 25*th*

WILDE J. drew up the opinion of the Court. This case depends on the validity of the tenants' title. They claim under an attachment made on November 4, 1833, but which by mistake was returned by the officer as made on November 4, 1834. The first question is, whether the officer may now be permitted to amend his return. Amendments of this description are not regulated by any certain rules, but the Court is bound in every case to exercise a sound discretion, and to allow or disallow an amendment, as may best tend to the furtherance of justice. *Mara* v. *Quin*, 6 T. R. 1 ; *Rex* v. *Grampond, Mayor, &c.*, 7 T. R. 699. The forms of the court, as Lord *Kenyon* justly remarks, are always best used when they are made subservient to the justice of the case.

Now in the present case, we cannot doubt that justice requires that the amendment should be allowed. The mistake in the date of the return was a mere slip of the pen which could mislead no one. The writ was dated November 4, 1833, was actually returned to the next term of the Court of Common Pleas, and judgment was rendered in the action at the June term 1834. The mistake in the date of the return was thus manifest on the face of the record, and no party who examined the record, could doubt as to the nature of the mistake.

This case therefore differs from the case of *Emerson* v. *Upton*, in which there was nothing on the record to show that there was any mistake in the date of the return.

But it has been argued, that this amendment cannot affect the rights of persons not parties to the original suit, and the case of *Emerson* v. *Upton* is relied on in support of the argument. It is remarked in that case, that there was not in the cases cited, any intimation that an amendment of an officer's return will have the operation to defeat the rights of a third party, which would be valid without such an amendment. But it does not follow, that no case could occur in which it would be proper to permit an amendment so to operate as to affect a third party. In the case of *Haven* v. *Snow*, 14 Pick. 28, an officer was allowed to amend his return, the effect of which was to defeat a title in a third party, which without such an amendment would have been valid

That was allowed because justice required that the mistake should be rectified, and because the party affected by the amendment had constructive notice of the mistake, and of the true time when the attachment was made. He could not therefore be misled by the mistake. And for the same reason the amendment ought to be allowed in the present case. For although the mistakes of officers are not to be corrected to the injury of a third party, yet they ought not to be held responsible for mere clerical mistakes, which clearly appear, and by which no one can by any possibility be misled or injured. Justice requires that all such mistakes should be corrected.

Another objection is, that the writ of attachment, under which the tenants claim, was void, the same having been made and delivered to the officer on Sunday. By the common law, all judicial acts done on Sunday are held void. *Dies Dominicus non est juridicus.* But all ministerial acts were valid, so that before *St. 29 Car. 2, c.* 7, an arrest on civil process on Sunday was legal. *Mackalley's case*, 9 Coke, 65. If then the case were to be determined by the principles of the common law, the question would be, whether the filling up of a blank writ and delivering it to an officer would be a judicial or ministerial act. In the case of *Van Vechten* v. *Paddock*, 12 Johns. R. 178, the issuing of a writ is considered as a judicial act, on the ground, that the awarding of a process is to be presumed to be done by the court whilst it is actually sitting. This seems to be carrying a presumption or fiction of law to a great length, and cannot well be reconciled with the established rule, that legal fictions are not to be permitted to work injustice, and to set aside proceedings, which but for the fiction or presumption would be legal and valid. And besides, the presumption, that writs are awarded by the court whilst actually in session, is confined to judicial writs. W. Jones, 126. But it is unnecessary to consider this point, for this case depends on the *St.* 1791, c. 58, by the first section of which, all labor, business or work on the Lord's day (works of necessity and charity only excepted) are prohibited under a penalty. The filling of a writ and delivering it to an officer is undoubtedly

Johnson
   v.
  Day.

within this prohibition ; but by the fourth section it is limited to the time included between the midnight preceding and the sunsetting of the same day.   And as it appears that the writ was filled and delivered after sunset on Sunday evening, it was certainly valid, whatever may have been the law before the statute.

*Judgment according to verdict.*